Sean Kealii Enos (#023634)
Jeffrey W. Johnson (#024435)
SCHMEISER, OLSEN & WATTS, LLP
18 E. University Drive, Suite 101
Mesa, Arizona 85201
Telephone: (480) 655-0073
Facsimile: (480) 655-9536
kenos@IPlawUSA.com
jjohnson@IPlawUSA.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Loo Tze Ming, an Individual, | |
| Plaintiff, | Case No. |
| vs. | **COMPLAINT UNDER 15 USC 1114 FOR REVERSE DOMAIN HIJACKING AND DECLARATORY RELIEF UNDER THE LANHAM ACT** |
| Fitness Anywhere LLC, a Delaware LLC, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Loo Tze Ming (hereinafter "Ming" or Plaintiff) hereby complains against defendant Fitness Anywhere, LLC, a Delaware LLC (hereinafter "Fitness"), and for its causes of action alleges as follows:

## NATURE OF THE ACTION

1. This is an action brought by Plaintiff Ming against Defendant Fitness pursuant to 15 U.S.C. 1114(2)(D)(iv)-(v) and for declaratory relief pursuant to 28 U.S.C. 2201 to establish that Ming's registration of the internet domain name

<TRX.com> (the "Domain Name") is not unlawful under the Anticybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)("ACPA"), or otherwise under the Lanham Act (15 U.S.C. § 1051 et. seq.), and to prevent the transfer of the Domain Name to Defendant, which was ordered in an administrative panel decision notified on or about November 15, 2022 under the Uniform Domain Name Dispute Policy ("UDRP") in a proceeding captioned: *Fitness Anywhere LLC v. au tuu*, Forum Case FA2210002016615.

## PARTIES

2. Plaintiff Loo Tze Ming is a citizen of Malaysia, residing in Selangor, Malaysia.

3. On information and belief, Defendant Fitness Anywhere LLC is a limited liability company of Delaware, having a place of business at Suite 200 450 Newport Center Drive, Newport Beach, California.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action because it involves a federal question, and because it requires a declaration of rights and other legal relations. More specifically, this Court has jurisdiction pursuant to 28 U.S.C. 1331 (because this cause arises under 15 U.S.C. 1114 in that Plaintiff is the registrant of a domain name which has been suspended, disabled, or transferred under a policy provided by the registrar thereof relating to alleged conflict with a trade or service mark claimed by the Defendant), and under 28 U.S.C. 2201(a) ("In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any

interested party seeking such declaration, whether or not further relief is or could be sought.").

5. This Court has personal jurisdiction over Defendant Fitness because Defendant agreed to submit to the jurisdiction of this Court when it initiated an administrative proceeding pursuant to the Uniform Domain Name Dispute Resolution Policy (the "UDRP") concerning the Domain Name. Specifically, Defendant Fitness agreed in its UDRP complaint to submit to jurisdiction of the principal office of the concerned registrar in connection with a challenge of a UDRP decision ordering a transfer of the Domain Names.

6. The registrar for the Domain Names is GoDaddy LLC, having its principal office at 14455 N Hayden Rd Suite 219, Scottsdale, Arizona 85260, in this judicial district.

7. Defendant Fitness has directed activity into this judicial district with the intent to deprive Plaintiff Ming of rights under a contract having a situs in this judicial district.

8. Venue is also proper in this judicial district because Defendant Fitness agreed in its UDRP complaint to submit to jurisdiction of the principal office of the concerned registrar in connection with a challenge of a UDRP decision ordering a transfer of the Domain Names.

**FACTS**

9. Plaintiff Loo Tze Ming is a 37-year-old investor, with interests in the restaurant industry.

- 3 -

10. Recently, the Plaintiff became interested in investments in digital assets, and was advised that the internet domain name TRX.com was available for sale.

11. Internet domain names in the .com top-level domain corresponding to generic words and non-distinctive short groups of letters and/or numbers have inherent value due to their finite supply.

12. In the Chinese internet market, short alphanumeric domain names are particularly valuable because the use of Chinese character domain names is relatively recent, and so it is desirable for Latin character domain names to be short in order to be memorable.

13. The acronym TRX is used for a variety of non-distinctive purposes in different fields, such as its use as a short term for "transaction" or "transceiver".

14. In the United States the letters "TRX", apart from specific goods and services, are not distinctive of any particular trademark owner.

15. There are more than a dozen different registrants of US registered trademarks for "TRX" in fields as varied as travel agency services (US TM Reg. No. 2707451), medical transcription services (US TM Reg. No. 2770820), surgical implants (US TM Reg. No. 4975748), and others.

16. After learning that non-distinctive short domain names have substantial value, Plaintiff was informed the Domain Name was available for purchase, and the Plaintiff purchased the Domain Name TRX.com in April 2022, for more than $138,000 in out of pocket costs through a brokerage service provided by an internet domain name marketplace where it was offered for sale.

17. The domain name TRX.com has been registered since 1999, has never been used by the Defendant, and was used by prior registrants for purposes having nothing to do with the Defendant.

18. The Domain Name was available for purchase through a publicly accessible internet brokerage at www.4.cn. Prior to Plaintiff's purchase of the Domain Name at substantial cost, any other person, including Defendant could have purchased the Domain Name on the same terms.

19. Plaintiff arranged to have the Domain Name resolve to a "for sale" page through which prospective purchasers could express interest in obtaining the Domain Name.

20. Plaintiff used an alias as the registrant name in the belief it would protect his personal privacy, as the owner of a valuable asset.

21. Plaintiff has never used the Domain Name to advertise exercise products or services or to compete with the Defendant in any way.

22. The domain registration contract governing Plaintiff's registration of the Domain Name- with GoDaddy LLC incorporates a non-binding "Uniform Domain Name Dispute Resolution Policy (UDRP)", under which a third party may request transfer of rights under said contract to that third party on the basis of a claim of trade or service mark rights.

23. The UDRP is an administrative proceeding, which provides in pertinent part: "k. Availability of Court Proceedings. The mandatory administrative proceeding requirements set forth in Paragraph 4 shall not prevent either you or the complainant from submitting the dispute to a court of competent jurisdiction for independent resolution before such mandatory administrative proceeding is commenced or after such

proceeding is concluded. If an Administrative Panel decides that your domain name registration should be canceled or transferred, we will wait ten (10) business days (as observed in the location of our principal office) after we are informed by the applicable Provider of the Administrative Panel's decision before implementing that decision. We will then implement the decision unless we have received from you during that ten (10) business day period official documentation (such as a copy of a complaint, file-stamped by the clerk of the court) that you have commenced a lawsuit against the complainant in a jurisdiction to which the complainant has submitted under Paragraph 3(b)(xiii) of the Rules of Procedure. (In general, that jurisdiction is either the location of our principal office or of your address as shown in our Whois database. See Paragraphs 1 and 3(b)(xiii) of the Rules of Procedure for details.) If we receive such documentation within the ten (10) business day period, we will not implement the Administrative Panel's decision, and we will take no further action, until we receive (i) evidence satisfactory to us of a resolution between the parties; (ii) evidence satisfactory to us that your lawsuit has been dismissed or withdrawn; or (iii) a copy of an order from such court dismissing your lawsuit or ordering that you do not have the right to continue to use your domain name."

24. On or about October 22, 2022, in spite of the non-distinctive nature of the acronym "TRX", and in spite of the fact that the Plaintiff does not compete in any way with Defendant, and does not utilize the domain name in a way that might infringe upon any rights Defendant might have the Defendant proceeded to file a complaint under the UDRP with the World Intellectual Property Organization.

25. In the UDRP Complaint, Defendant admitted to the jurisdiction of this court as follows: "[10.] MUTUAL JURISDICTION The Complainant will submit, with

respect to any challenges to a decision in the administrative proceeding canceling or transferring the domain name, to [choose one jurisdiction]:

   __X___ a) the location of the principal office of the concerned registrar or

   _____ b) where the Respondent is located, as shown by the address(es) given for the domain name holder in the Whois Database at the time of the submission of the Complaint to FORUM. UDRP Rule 3(b)(xii)."

26. In the UDRP Complaint, the Defendant alleged "At the moment, [Defendant] owns registered rights" in a claimed TRX mark, and specifically alleged to be the owner of the following US trademark registrations for "TRX" in relation to fitness goods and services, recited in the UDRP Complaint: US TM Reg. No. 3,202,696; US TM Reg. No. 3,384,871; US TM Reg. No. 4,018,159; US TM Reg. No. 4,731,160; and US TM Reg. No. 4,542,811.

27. Defendant certified the UDRP Complaint, through its attorney: "Complainant certifies that the information contained in this Complaint is to the best of Complaint's knowledge complete and accurate…."

28. At the time Defendant certified its Complaint, Defendant knew it was not the owner of any of the US registered marks listed therein.

29. At the time Defendant certified its Complaint in October 2022, Defendant was aware that it had assigned the entire interest in the listed US registered marks to another entity in an assignment dated August 26, 2022 and recorded with the Assignment Branch of the United States Patent and Trademark Office on September 7, 2022 at Reel/Frame 7847/0407. The Defendant did not mention in the UDRP Complaint that the asserted trademarks had been assigned to a non-party to the UDRP Proceeding.

- 7 -

30. Defendant knew that its statement claiming to own the US trademark registrations recited in the UDRP Complaint was false when made.

31. Defendant's false statement was made for the purpose of obtaining a UDRP decision in its favor.

32. Upon Commencement of the UDRP proceeding, an email notice was sent to the administrative contact email address of Plaintiff's domain name. Because Plaintiff's domain administrator was not expecting to receive email to that address and the email was in English, the email notice was overlooked by the Plaintiff's domain administrator. Accordingly, Plaintiff defaulted in the UDRP proceeding.

33. On or about November 15, 2022, a default UDRP decision issued, based on Defendant's allegations in the UDRP Complaint, and Plaintiff received an email from GoDaddy LLC, stating that the domain name would be transferred on December 1, 2022, absent an action filed in the Mutual Jurisdiction – i.e. this court – pursuant to the terms of the UDRP.

34. Prior to receiving the UDRP decision, Plaintiff had never heard of the Defendant or the Defendant's marks,

## FIRST CLAIM FOR RELIEF
## (FRAUD IN DOMAIN DISPUTE PROCEEDING)
## [15 U.S.C. 1114(2)(D)(IV)]

35. Plaintiff incorporates the allegations set forth in paragraphs 1 through 34 above.

36. Defendant made a knowing and material misrepresentation that a domain name is identical to, confusingly similar to, or dilutive of a mark that it owns.

37. Defendant's misrepresentation caused a registration authority to transfer, disable, or cancel a domain name.

38. Plaintiff's Domain Name has been locked, preventing Plaintiff from exercising the full enjoyment of the benefits of registration thereof as a consequence of false statements made by Defendant in a dispute policy proceeding (the UDRP) followed by the domain registrar GoDaddy LLC. The Domain Name has been ordered transferred, and will be transferred to Defendant but for this Action.

39. Plaintiff has provided Defendant with notice of this Action.

40. Plaintiff has incurred costs in seeking to prevent transfer of the Domain Name as a consequence of Defendant's false statements.

41. Plaintiff's registration and/or use of the Domain Name does not violate any cognizable right of the Defendant under the Lanham Act.

**SECOND CLAIM FOR RELIEF**
**(REVERSE DOMAIN HI-JACKING)**
**[15 U.S.C. 1114(2)(D)(V)]**

42. Plaintiff incorporates the allegations set forth in paragraphs 1 through 41 above.

43. Plaintiff registered the TRX.com domain name.

44. Plaintiff's Domain Name has been suspended, disabled, or transferred, preventing Plaintiff from exercising the full enjoyment of the benefits of registration under a dispute policy proceeding (the UDRP) followed by the domain registrar GoDaddy LLC. The Domain Name has been ordered transferred, and will be transferred to Defendant but for this Action.

45. Plaintiff has provided Defendant with notice of this Action.

46. Plaintiff's registration or use of the Domain Name was not unlawful under the Lanham Act or otherwise.

47. Plaintiff has incurred costs in seeking to prevent transfer of the Domain Name as a consequence of Defendant's false statements.

### THIRD CLAIM FOR RELIEF
### (DECLARATORY RELIEF - NON VIOLATION OF LANHAM ACT)
### [28 U.S.C. § 2201]

48. Plaintiff incorporates the allegations set forth in paragraphs 1 through 47 above.

49. Plaintiff's registration and/or use of the Domain Name does not violate Defendant's rights under the Lanham Act. In registering the Domain Name, Plaintiff did not have "bad faith intent," as provided in 15 U.S.C. 1125(d)(1)(A)(i), to profit from Defendant's alleged trademark. At the time Plaintiff registered the Domain Name and at all times subsequent, the Plaintiff has intended to use the Domain Name for legitimate purposes, and has invested substantial resources for the Domain Name.

50. Plaintiff had reasonable grounds to believe that its registration and/or use of the Domain Name was a fair use or otherwise lawful use, as provided in 15 U.S.C. 1125(d)(1)(B)(ii) in accordance with the generic meaning of TRX.com and its ubiquitous use for numerous goods and services.

51. Plaintiff reasonably believes its registration and use of the Domain Name was and is lawful, including under the Lanham Act.

52. There is an actual controversy with respect to whether the Defendant is entitled to transfer of the Domain Name based on Defendant's purported rights under the Lanham Act.

53. In the absence of a declaration from the Court, GoDaddy LLC will transfer the Domain Name to the control of Defendant, and Plaintiff will suffer immediate and irreparable harm.

54. Plaintiff's registration and use of the Domain Name does not, and is not likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Plaintiff with Defendant, or as to the origin, sponsorship, or approval of Plaintiff's goods, services, or commercial activities by Defendant.

55. Plaintiff's registration and use of the Domain Name does not misrepresent the nature, characteristics, qualities, or geographic origin of Plaintiff s or Defendant's goods, services, or commercial activities.

## **DEMAND FOR JURY TRIAL**

56. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury for all issues triable of right by a jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ming demands judgment against Defendant Fitness as follows:

1. Declaration by the Court, pursuant to 28 U.S.C. §2201, that Plaintiff's registration, ownership and use of the Domain Name TRX.com is lawful and proper and does not infringe on any right the Defendant may claim;

2. An order that TRX.com remain registered with Plaintiff and unlocked/reactivated for Plaintiff's use, and that TRX.com not be transferred to Defendant pursuant to the UDRP ruling;

3. Cost and expenses, including costs under 15 U.S.C. 1114(2)(D)(iv)-(v) and reasonable attorneys' fees;

4. As this is an action "involving a violation of 15 USC 1125(d)(1)" by way of determining that no such violation in fact has occurred, "an award of statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name, as the court considers just" as provided under 15 USC 1117(d); and

5. For such other and further relief as this Court deems just and proper.

DATED this 30th day of November, 2022.

    SCHMEISER, OLSEN & WATTS LLP

    By:

    */s/Jeffrey W. Johnson*

    Sean K. Enos
    Jeffrey W. Johnson
    SCHMEISER, OLSEN & WATTS, LLP
    18 E. University Drive, Suite 101
    Mesa, Arizona 85201

/s/*John Berryhill*/

John Berryhill

John B. Berryhill LLC

204 E. Chester Pike

First Floor, Suite 3

Ridley Park, PA 19103

*Pro Hac Vice Pending*

Attorneys for Plaintiff