Sean Kealii Enos (#023634)
Jeffrey W. Johnson (#024435)
SCHMEISER, OLSEN & WATTS, LLP
18 E. University Drive, Suite 101
Mesa, Arizona 85201
Telephone: (480) 655-0073
Facsimile: (480) 655-9536
kenos@IPlawUSA.com
jjohnson@IPlawUSA.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Loo Tze Ming, an Individual, | |
| Plaintiff, | Case No. 2:22-cv-02042-SPL |
| vs. | **PLAINTIFF RESPONSE TO ORDER TO SHOW CAUSE** |
| Fitness Anywhere LLC, a Delaware LLC, | |
| Defendant. | |

Plaintiff hereby submits this Response to the Order to Show Cause issued by the Court on March 1, 2023, and states as follows:

**FACTS**

The underlying dispute in this Action was initiated by the Defendant upon filing a domain dispute arbitration proceeding against Plaintiff on October 22, 2022, and by the Defendant's consent to the terms of the dispute proceeding providing for Plaintiff to file this Action to prevent transfer of Plaintiff's domain. (Complaint ¶¶22-25).

On December 16, 2022, Defendant executed a Waiver of Service, which was filed with the Court by Plaintiff on December 22, 2022. The Waiver of Service was executed by Alain Villeneuve. On February 2, 2023, Plaintiff consented to a request by Alain Villeneuve for Defendant for an additional 30 days to plead responsively, provided that Defendant would circulate a stip to Plaintiff's counsel for approval and file the stip. Defendant never circulated a stipulation in response.

As noted in footnote 1 of the Order to Show Cause, rather than file a timely responsive pleading or motion Defendant emailed the Court ("The Court notes that a third party emailed the Court and Plaintiff's counsel indicating that Defendant had filed for bankruptcy."). The "third party" that sent that email is the same person that executed the Waiver of Service on behalf of Defendant Fitness Anywhere LLC (Alain Villeneuve). More specifically, on February 3, 2023, Alain Villeneuve emailed a "Notice of Bankruptcy / Chapter 11" to the Court. (Exhibit A) The Court informed Defendant, in a responsive email dated February 9, 2023, "[T]he Court cannot take any action unless the notice is filed on the docket." (Exhibit A)

Despite the Court's response to the Defendant's email, Defendant has not filed such notice on the docket. Instead, Defendant requested Plaintiff to do so stating, "Can you please enter into the record for the Court the Notice of Bankruptcy." (Exhibit B) Understandably, Plaintiff has declined to do what the Defendant was itself instructed to do by this Court. Furthermore, in spite of Defendant's waiver of service, Defendant has still not entered an appearance in this Action or otherwise plead responsively.

**RESPONSE**

The Court should not dismiss this case, but rather should enter a stay, as Plaintiff has been diligent in the context of the bankruptcy stay that has been raised (so far) off the record by Defendant. Section 11 U.S. Code § 362 of the Bankruptcy Code imposes a

broad automatic stay of a wide range of actions against a debtor in bankruptcy. Subsequent to the filing of this action, Plaintiff became aware that on June 8, 2022, the Defendant filed a Chapter 11 Bankruptcy Case in the United States Bankruptcy Court for the Central District of California, as Case No. 8:22-bk-10949-SC (hereinafter the "Bankruptcy"). See also Exhibit A.

The circumstances in this action are somewhat unusual, as the Bankruptcy Case had been filed prior to Defendant's own filing of the domain dispute proceeding on October 22, 2022, and prior to Defendant's agreement to the terms thereof, which expressly contemplate action in this District to prevent the transfer of Plaintiff's domain. (Complaint ¶¶ 24-25). It appears that Defendant has sought to use the domain dispute proceeding as a spear, while at the same time using the Bankruptcy Case as a shield against the consequences to which the Defendant agreed when it filed the domain dispute proceeding.

Nevertheless, after this court notified Defendant that this court could not take any action (with respect to the bankruptcy notice) unless it were filed on the docket, Plaintiff expected Defendant to follow the court's instruction and to file something on the docket. Defendant has not done so (instead, attempting to have Plaintiff do its job). Furthermore, as the court observes, it is long past the deadline for the Defendant to have filed a responsive pleading or motion in this action. Plaintiff would have proceeded with a request for entry of default against the Defendant but for Defendant's apparent intention to file a notice of bankruptcy with this Court in apparent pursuit of a stay of this action.

Because Plaintiff is now aware of the bankruptcy (and in spite of the fact that Defendant has not taken steps to file notice of the same with this Court), Plaintiff requests, out of an abundance of caution as it relates to the California bankruptcy

proceeding and a desire not to violate any stay that might be in place, that this Arizona case be stayed pending either: (a) the lifting of any automatic stay in the Bankruptcy; or, (b) issuance of a "comfort order" or equivalent order from the Bankruptcy judge permitting this action to proceed.  Whereupon, Plaintiff shall promptly proceed with its request for entry of default and motion for default judgment ordering transfer of the disputed domain name to the Plaintiff, along with other relief available under 15 USC 1114(2)(d)(iv)-(v).

DATED this 6th day of March, 2023.

SCHMEISER, OLSEN & WATTS LLP

By:

/s/Jeffrey W. Johnson

Jeffrey W. Johnson
SCHMEISER, OLSEN & WATTS, LLP
18 E. University Drive, Suite 101
Mesa, Arizona 85201