```
 1  Michael B. Marion (Bar No. 035627)
    BYCER & MARION
 2  7220 N. 16th Street, Suite H
    Phoenix, Arizona 85020
 3  Tel: (602) 944-2277
    michael@bycermarion.com
 4  Attorney for Defendant
    Loo Tze Ming
 5
```

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Loo Tze Ming, an individual from Malaysia<br><br>　　　　Plaintiff,<br><br>v.<br><br>Fitness Anywhere LLC,<br><br>　　　　Defendant. | No. 2:22-CV-02042-SPL |
| JFXD TRX ACQ LLC, d/b/a TRX, a Florida limited liability company<br><br>　　　　Plaintiff,<br><br>v.<br><br>&lt;trx.com&gt;, a domain name,<br><br>　　and<br><br>Loo Tze Ming, an individual from Malaysia<br><br>　　　　Defendant. | No. 2:23-CV-02330-PHX-ROS<br><br>**LOO TZE MING'S REPLY IN SUPPORT OF HIS MOTION TO CONSOLIDATE CASE NO. 2:22-CV-02042-SPL AND CASE NO. 2:23-CV-02330-PHX-ROS** |

　　　　Defendant Loo Tze Ming ("Defendant"), through counsel, submits his Reply in Support of his Motion to Consolidate Case No. 2:22-CV-02042-SPL ("the First Action") and Case No. 2:23-CV-02330-PHX-ROS ("the Second Action") (hereinafter "Mot." or Motion").

　　　　Plaintiff JFXD TRX ACQ LLC ("JFXD")'s opposition (hereinafter "Opp. or "Opposition") to consolidation is little more than name calling and table pounding while

avoiding the key issue that connects these two cases—that two other parties have attempted to claim to Ming's <trx.com> domain name. It makes no sense for Ming, on one hand, to have to wait to clear title to his property from Fitness Anywhere LLC ("Fitness Anywhere"), while, on the other hand, an alleged "successor" to Fitness Anywhere seeks to take it out from under him. JXFD's case was transferred to this Court for the purpose of resolving the dispute fully.

To avoid the core issue that this dispute is over the same <trx.com> domain name in both cases, JXFD's scattershot Opposition touches numerous irrelevant issues, such as jurisdictional discovery that was denied in the Virginia Court (Opp. at 4) or attempts to engage in "judge shopping" for its case (*Id.*). Ming will respectfully sidestep these extraneous issues in its Reply, focusing instead on the issues that directly affect the Motion. Ming reserves the right to respond to these superfluous issues should they become relevant.

I.   **CONSOLIDATION OF THE CASES IS BOTH PROPER AND BENEFICIAL**

The standard for consolidation is met by having two cases with the same transaction of Ming's ownership of the <trx.com> domain, the same property, and the same questions of law under the ACPA. *See* LRCiv 42.1(a). JXFD's Opposition does not actually challenge that the two cases present identical factual and legal issues that warrant consolidation. Instead, JXFD only retorts that Fitness Anywhere is in bankruptcy proceedings. Opp. at 5. What may happen in the future to one of the parties has no impact on the present question what would best serve "party economy or judicial economy." *City of Phoenix v. First State Ins. Co.*, No. CV-15-00511-PHX-NVW, 2016 WL 4591906, at *20 (D. Ariz. Sept. 2, 2016), *aff'd*, No. 16-16767, 2018 WL 1616011 (9th Cir. Apr. 4, 2018). Certainly, one consolidated action over the <trx.com> domain would be more economical for the Court and parties rather than two separate actions before two separate judges. The Virginia Court already rejected JXFD's attempt to abuse the litigation process by filing suit in a different court while the action filed by Ming was pending in this Court.

Conversely, JXFD has acknowledged the unavoidable overlap between the two actions as JXFD repeatedly references factual allegations and proceedings from First Action in its Opposition. It takes quite the mental gymnastics to argue there's no common issues between the First Action and Second Action, when JXFD, in turn, relies on allegations in the First Action to try supporting its claims in the Second Action. JXFD cannot avoid the common issues of fact and law between the First Action and Second Action, warranting consolidation.

## II. THE CALIFORNIA BANKRUPTCY COURT, NOT JXFD, SHOULD DETERMINE WHETHER TO PROCEED

JXFD's Opposition conjectures widely about the future of Fitness Anywhere, making numerous unfounded declarations about what may happen to Fitness Anywhere's business. *See* Opp. at 2-3, 5. However, it is not for JXFD to determine the ultimate resolution of the bankruptcy proceeding. Given that JXFD has already acknowledged the proceedings had converted between Chapter 7 and Chapter 11, JXFD's predictions are pure conjecture, not fact.

Given that this Court has already found good cause just three days ago to continue the stay of the First Action in deference to the stay afforded by bankruptcy proceedings (Case No. CV-22-02042-PHX-SPL, Dkt. 25), it would be improper for this Court to subvert the same stay it has already found. Instead, should JXFD believe there was a basis for advancing beyond the stay, the proper mechanism would be for JXFD to seek lifting the stay from the bankruptcy court.

## III. OWNERSHIP OF THE "TRX" RIGHTS REMAINS UNSETTLED

As previously highlighted by Ming, Fitness Anywhere brought the UDRP proceeding against the <trx.com> domain nearly two months after JXFD alleged it was assigned all rights in the TRX marks. *See* (Case No. CV-22-02042-PHX-SPL, Dkt. 72 at 4). At no point does JFXD attempt to explain why Fitness Anywhere was able to file such

an action. JXFD also cites no precedent about its concerns of having "both the Chapter 11 seller and the Chapter 11 buyer in the same case" (Opp. at 4). Instead, questions over the rights to the TRX marks appear to be problems of their own creation, not Ming. Certainly Ming would be entitled to the same discovery, regardless of consolidation. JFXD's attempts to shield a dispute over a fundamental issue in these cases—any alleged trademark rights in the TRX Marks—again warrant a single, consolidated proceeding.

## IV. CONCLUSION

JXFD's attempts to fling as much spaghetti to the wall as possible and see what may stick. However, no amount of distraction can avoid the core concern that Ming is facing two separate actions in this Court that directly impact Ming's ownership of the <trx.com> domain. The considerations of avoiding inconsistent rulings on the same property while respecting the bankruptcy process is far more important than JXFD's vague "hardship" arguing against such need.

For the reasons stated above and its Motion, Ming respectfully requests that the Court consolidate the two cases over the <trx.com> domain.

Dated this 18th day of December, 2023.

**BYCER & MARION**

By: s/Michael B. Marion
Michael B. Marion (Bar No. 035627)
7220 N. 16th Street, Suite H
Phoenix, Arizona 85020
Tel: (602) 944-2277
michael@bycermarion.com
*Attorney for Loo Tze Ming*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of December, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Anjali J. Patel (SBN 028138)
    Tyler Allen Law Firm, PLLC
    4201 North 24th Street, Suite 200
    Phoenix, AZ 85016
    Telephone: (602) 456-0545
    Email: Anjali@allenlawaz.com

    Alain Villeneuve (pending pro hac vice)
    1420 Fifth Avenue, Suite 2200
    Seattle 98101, WA
    Telephone (312) 404-1569
    Email: avilleneuve@trxtraining.com

    s/ Michael B. Marion
    Michael B. Marion
    Bycer & Marion, PLC
    7220 N. 16th St., Suite H
    Phoenix, AZ 85020
    (602) 944-2277
    michael@bycermarion.com