IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Loo Tze Ming,<br><br>    Plaintiff,<br><br>vs.<br><br>Fitness Anywhere LLC,<br><br>    Defendant. | No. CV-22-02042-PHX-SPL<br><br>Related Case: No. CV-23-02330-ROS<br><br>**ORDER** |

  Before the Court is Plaintiff Loo Tze Ming's Motion to Consolidate *JFXD TRX ACQ LLC v. Ming*, No. 2:23-CV-02330-PHX-ROS with this case *Ming v. Fitness Anywhere LLC*, No. 2:22-cv-02042-SPL (Doc. 22). This Motion is fully briefed. (Docs. 22, 24, and 26). The Court rules now as follows.

  Federal Rule of Civil Procedure 42(a) allows a court to consolidate cases "[i]f the actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a). District courts, however, "enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). A court "must balance the interest of judicial convenience against the potential for delay, confusion and prejudice that may result from such consolidation." *Sapiro v. Sunstone Hotel Inv'rs, L.L.C.*, No. CV-03-1555-PHX-SRB, 2006 WL 898155, at *1 (D. Ariz. Apr. 4, 2006). Local Rule of Civil Procedure ("Local Rule") 42.1(a) allows the transfer of cases to a single judge if the cases:

///

>(1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; . . . (4) call for determination of substantially the same questions of law; or (5) . . . [remaining unconsolidated] would entail substantial duplication of labor if heard by different Judges.

LRCiv 42.1(a). The Court considers these factors, but again "has broad discretion in deciding a motion to transfer under Local Rule 42.1(a)." *Addington v. US Airline Pilots Ass'n*, No. CV-08-01633-PHX-NVW, 2010 WL 4117216, at *1 (D. Ariz. Oct. 19, 2010). When considering a motion under Local Rule 42.1(a), "[a] principal factor is whether party economy or judicial economy is substantially served by transfer to another judge." *City of Phoenix v. First State Ins. Co.*, No. CV-15-00511-PHX-NVW, 2016 WL 4591906, at *20 (D. Ariz. Sept. 2, 2016), *aff'd*, No. 16-16767, 2018 WL 1616011 (9th Cir. Apr. 4, 2018).

The Court finds that consolidation is not appropriate here. It is true that both cases concern the internet domain name <trx.com>. However, the legal theories asserted in both cases vary greatly. The cases also involve different questions of law and fact and different defendants. One case involves allegations of fraud that allegedly took place during a prior proceeding before an administrative panel. But the other case alleges claims under the Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)). Accordingly, there is minimal overlap in controlling questions of law between these two cases. *See, e.g.*, *Upward Trend, LLC v. Teatai-Ariki*, No. 3:16-CV-1379 BEN KSC, 2016 WL 3647627, at *2 (S.D. Cal. June 29, 2016) (declining to consolidate cases because they involve "different questions of law and fact" and, therefore, "[j]udicial economy would not be served by consolidating such different actions"); *U.S. Rubber Recycling, Inc. v. Encore Int'l, Inc.*, No. CV 09-09516 SJO OPX, 2011 WL 311014, at *13 (C.D. Cal. Jan. 7, 2011) (same); *In re Oklahoma Ins. Holding Co. Act Litig.*, 464 F. Supp. 961, 964, n.7 (J.P.M.L. 1979) ("Defendants' bald assertion that these cases involve the same subject matter and contain common questions of law and fact is not sufficient to persuade the Court that the cases should be consolidated pursuant to Rule 42(a). While the cases both involve [the same parties], they involve different questions of law and fact. Accordingly, [Plaintiff's] Motion

to Consolidate is overruled."). Moreover, this case has been stayed since March 2023 and it is unclear when the stay will be lifted. This Court therefore declines to exercise its discretion to consolidate these cases.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Consolidate (Doc. 22) is **denied**.

Dated this 21st day of December, 2023.

Honorable Steven P. Logan
United States District Judge