Kenneth M. Motolenich-Salas (Bar No. 027499)
MotoSalas Law, PLLC
16210 North 63rd Street
Scottsdale, AZ 85254
Telephone:   202-257-3720
E-mail:   ken@motosalaslaw.com
*Attorney for Plaintiff Loo Tze Ming*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Loo Tze Ming,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Fitness Anywhere LLC,<br><br>　　　　Defendant. | No. CV-22-02042-PHX-SPL<br><br>**PLAINTIFF LOO TZE MING'S MOTION TO LIFT STAY** |

　　　Plaintiff Loo Tze Ming ("**Plaintiff**") hereby moves this Court to lift the stay entered in this matter pending the bankruptcy of Fitness Anywhere, LLC ("**Defendant**") as the bankruptcy court has determined that the automatic stay prescribed by 11 U.S.C. § 362 is not applicable to this matter.

　　　1.　　In this action, Plaintiff appeals the determination of the Uniform Domain Name Dispute Policy ("**UDRP**") concerning ownership of Plaintiff's TRX.com domain in a proceeding captioned *Fitness Anywhere LLC v. au tuu*, Forum Case No. FA2210002016615 pursuant to 15 U.S.C. § 1125(d). ECF 1 ¶ 1. Plaintiff also seeks declaratory judgment of sole and exclusive ownership over the TRX.com domain and that Defendant has no rights to the domain. (*See, e.g., id.* at 12 ¶¶ 1-2 [seeking entry of declaratory judgment "pursuant to 28 U.S.C. § 2201, that Plaintiff's registration, ownership and use of the Domain Name TRX.com is lawful and proper and does not infringe on any right the Defendant may claim" and "that TRX.com remain registered with Plaintiff"].).

　　　2.　　On June 8, 2022, Fitness Anywhere, LLC ("**Defendant**") filed a Chapter 11 bankruptcy in the U.S. Bankruptcy Court for the Central District of California (Santa Ana)

at case number 8:22-bk-10949-SC, which is jointly administered under the TRX Holdco matter at case number 8:22-bk-10948-SC (collectively, "**Bankruptcy**"). The cases were converted to cases under Chapter 7 on August 30, 2023.

3. As more fully set forth in 11 U.S.C. § 362, upon the filing of a bankruptcy petition an automatic stay is imposed which prohibits, *inter alia*: (1) the commencement or continuation of an action against the Defendant like the action at hand; and (2) any act to obtain possession or control over property of the bankruptcy estate.

4. On March 8, 2023, this Court entered an Order staying this matter until "the Court has been advised that the bankruptcy stay has been lifted and counsel are ready to proceed with this case." (ECF 12).

5. Pursuant to the March 8, 2023 Order, Plaintiff has continued to file motions to continue the stay which is currently set to lapse June 6, 2025 if not extended. (ECF 19-21, 25, 28-33).

6. On November 25, 2024, Plaintiff filed a *Memorandum of Points and Authorities in Support of Motion of Loo Tze Ming for Relief from the Automatic Stay and Supplemental Declarations of Loo Tze Ming* ("**MFR**") in the Bankruptcy matter. A copy of the MFR (without exhibits due to their length and file size limitations in PACER) is attached hereto as **Exhibit A.**

7. The MFR requested the Bankruptcy Court, *inter alia*, terminate the automatic stay under 11 U.S.C. § 362 and authorize Plaintiff to proceed with this litigation to seek a declaratory judgment regarding the ownership of the domain at issue in this case, TRX.com ("**Domain**"). (Exhibit A at 17.)

8. On December 4, 2024, the Chapter 7 Trustee, Richard A. Marshack ("**Trustee**") filed his *Trustee's Opposition to Loo Tze Ming's Motion for Relief from the Automatic Stay* ("**Objection**"). A copy of the Objection is attached hereto as **Exhibit B**.

9. The Trustee's Objection stated that the automatic stay did not apply to the current proceeding and therefore opposed the requested relief from the stay.

10. In particular, the Trustee represented that Defendant lacked (i) any claim of

ownership over the TRX.com domain which Plaintiff claims is rightfully his sole and exclusive property and (ii) authority to file the underlying UDRP proceeding, which was filed after Fitness Anywhere entered bankruptcy. Specifically, the Trustee stated the following:

a. Defendant "***does not claim ownership of the domain TRX.com, is not part of [this litigation] and has not authorized any attorney to act on its behalf in connect with the domain name dispute***." (Exhibit B, pg. 3, lns. 9-11) (emphasis added);

b. The Defendant "***claims no ownership of the domain name***." (Exhibit B, pg. 5, lns. 9-10) (emphasis added);

c. "Simply put, bankruptcy ***Debtor Fitness Anywhere has never claimed to own the domain name TRX.com***. This is clear from the Debtors' bankruptcy schedules which contain an approximately 100 page-list of domain names, which list <u>does not</u> include the domain TRX.com [Case number 8:22-bk-10948-SC, ECF Dkt. No. 127, pgs. 35-85, *see also*, case 8:22-bk-10949-SC, ECF Dkt. No. 19, pages [*sic.*]], and this is confirmed in the memorandum of points and authorities filed in support of the Motion, which contains a list of list of [sic] domain names assigned from Debtors to JXFD and which also <u>does not</u> include the domain name TRX.com [Motion, pages 481-500]." (Exhibit B, pg. 4, lns. 13-20);

d. The Defendant "***has never claimed that is [sic.] owns the domain name TRX.com***." (Exhibit B, pg. 5, lns. 10-11); and

e. Defendants "did not take any action in relation to the domain name, it did not execute acceptance of service, it did not make any appearance in any proceeding related to the domain name TRX.com, ***it made no representations related to the UDRP and it did not authorize any attorney to act on its behalf in connection with the domain name TRX.com***…".

3

(Exhibit B, pg. 7, lns. 10-13).[1]

11. On March 12, 2025, the Court held a hearing on the MFR and Objection. At the hearing the Court concluded that the automatic stay does not apply to this matter. A copy of the hearing transcript is attached hereto as **Exhibit C**.

12. During that hearing, the Bankruptcy Court, acknowledging that the Trustee represented that the domain was not property of the bankruptcy estate (Exhibit C at 6:23-24), emphasized that "[t]he automatic stay does not apply to your litigation" (*id.* at 8:8-9). Further, the Bankruptcy Court stated that Ming had "successfully, to me, made the case that there is no automatic stay involved in this matter [and] convince[ed] [the bankruptcy court] that absolutely no interest of this bankruptcy estate -- that there is no interest by this bankruptcy estate in the [Arizona] court litigation." (*Id.* at 13:8-12.)

13. Accordingly, since the automatic stay did not apply, on March 24, 2025, the Bankruptcy Court entered an Order denying the MFR. Attached as **Exhibit D** is a copy of the Order.

14. Section 362 of the bankruptcy code stays:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim **against the debtor** that arose before the commencement of the case under this title;
> …
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over **property of the estate**…(Emphasis added).

15. Given the Bankruptcy Court and Trustee determined the Domain was **not** property of the Estate, the automatic stay simply is not applicable as it only applies to claims against the Debtor and property of the bankruptcy – neither of which is applicable here.

---

[1] This last representation confirms Plaintiff's position that Defendant, which was in bankruptcy at the time it filed the UDRP complaint and therefore effectively controlled by the Trustee, had no authority, and thus standing, to make such filing, rendering the UDRP decision void *ab initio*.

4

16. As the bankruptcy court has stated in the Bankruptcy Case that TRX.com is not part of the bankruptcy estate, then it is not subject to the automatic stay and there simply is no automatic stay in place.

17. In compliance with this Court's March 8, 2023, Order, Plaintiff is filing this notice to notify this Court that Plaintiff is ready to proceed with this case.

18. Given the lack of stay, Plaintiff, will be requesting the Clerk enter default against the Defendant pursuant to Fed. R. Civ. P. 55(a), followed by the entry of a default judgment thereafter pursuant to Fed. R. Civ P. 55(b)(2). Specifically, although the Trustee has indicated that it has no intention of responding to the Complaint and contesting Plaintiff's claims herein,[2] and more than twenty-one days has elapsed between service of the Complaint (ECF 8) and the entry of the stay (ECF 12), Plaintiff believes that it would nonetheless be procedurally proper to provide for a twenty-one day response period. Plaintiff would also not object to a shortened response period or other procedure to proceed to default judgment consistent with due process. Plaintiff will serve a copy of this motion to Trustee's counsel in order to keep the Trustee informed of proceedings herein and file a notice of service with the Court. (*Accord* Exhibit C at 14:18-20.)

19. If, as Plaintiff suspects, no response to the Complaint is filed, Plaintiff will then request the Clerk enter default against Defendant and then promptly thereafter file a motion for default judgment seeking an Order of this Court that **(i)** Plaintiff's registration, ownership and use of the Domain Name TRX.com is lawful and proper and does not infringe on any right the Defendant may claim and **(ii)** TRX.com remain registered with Plaintiff. Plaintiff will not seek damages or costs. Upon this Court's issuing judgment on said motion, Plaintiff will serve a copy of the Order on GoDaddy, the TRX.com registrar, to obtain unlocking of the domain.

For the foregoing reasons, Plaintiff Loo Tze Ming respectfully request that this Court lift the stay in this action. A proposed form of Order is filed concurrently herewith.

---

[2] The Bankruptcy Court indicated that the Trustee, disclaiming any right over the domain, would not defend Mr. Ming's declaratory judgment claim herein. (Exhibit C at 14:20-21.)

1       RESPECTFULLY SUBMITTED this 5th day of May, 2025.

            MotoSalas Law, PLLC:

            By:*/s/Kenneth M. Motolenich-Salas*
            Kenneth M. Motolenich-Salas (Bar No. 027499)
            MotoSalas Law, PLLC
            16210 North 63rd Street
            Scottsdale, AZ 85254
            Telephone:    202-257-3720
            E-mail:    ken@motosalaslaw.com
            *Attorney for Plaintiff Loo Tze Ming*

# CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of May, 2025, I electronically transmitted the foregoing document and all exhibits thereto to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants of record in this matter, and emailed the foregoing to the bankruptcy estate's counsel at the email address below:

> Jeffrey S Shinbrot
> The Shinbrot Firm
> 15260 Ventura Blvd., Ste. 1200
> Sherman Oaks, CA 91403
> Email: jeffrey@shinbrotfirm.com

By: */s/ Kenneth M. Motolenich-Salas*