IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Loo Tze Ming,<br><br>          Plaintiff,<br>vs.<br><br>Fitness Anywhere LLC,<br><br>          Defendant. | No. CV-22-02042-PHX-SPL<br><br>**CONSENT DECREE** |

Before the Court is the parties' Stipulated Motion for Entry of Proposed Consent Judgment (Doc. 39). Good cause appearing,

**IT IS ORDERED** that the Stipulated Motion for Entry of Proposed Consent Judgment (Doc. 39) is **granted**.

**IT IS FURTHER ORDERED** that pursuant to the Stipulated Motion, the parties agree as follows:

1. On October 18, 2022, a Complaint was filed nominally and allegedly by Fitness Anywhere seeking transfer of trx.com under the Uniform Domain Name Dispute Resolution Policy of the Internet Corporation for Assigned Names and Numbers, captioned *Fitness Anywhere LLC v. au tuu*, Forum Case FA2210002016615 (the "UDRP Proceeding") requesting that the domain name <trx.com> ("Domain Name") be transferred from Ming to Fitness Anywhere; to the Trustee's knowledge the UDRP Proceeding was not authorized by Fitness Anywhere and was not authorized by the Trustee.

2. The UDRP Proceeding Complaint alleged that Fitness Anywhere owned and had trademark rights in a TRX mark.

3. The Bankruptcy Court entered an Order on August 22, 2022, authorizing Fitness Anywhere to sell its intellectual property, including rights in marks related to TRX and any associated domain names, to JFXD Capital, LLC (the "Sale Order").

4. Based on the Sale Order, Defendant Fitness Anywhere, LLC ("Fitness Anywhere") does not assert an interest in the Domain Name.

5. Based on the Sale Order, at the time the UDRP Proceeding was filed, the Trustee believes that Fitness Anywhere did not claim ownership of the domain name TRX.com or assert trademark rights in the TRX trademarks.

6. The UDRP Proceeding Complaint was filed by Mr. Alain Villeneuve, who to the Trustee's knowledge, at the time of filing the UDRP Proceeding, was not authorized to file the UDRP Proceeding on behalf of Fitness Anywhere.

7. Ming filed this lawsuit, appealing the decision of the UDRP Proceeding, and seeking a declaration of the parties' rights, that Ming's ownership of the Domain Name is lawful and proper and does not infringe on any trademark right Fitness Anywhere may claim.

8. Since pursuant to the Sale Order, the Trustee is informed and believes that Fitness Anywhere does not own the Domain Name Ming's registration, ownership, and use of the Domain Name does not infringe on any right Fitness Anywhere may claim.

**IT IS FURTHER ORDERED** that pursuant to the Stipulated Motion, the parties further consent to the following decree:

9. Based on the Sale Order, the Trustee has no objection that the registrar for the Domain Name, GoDaddy, LLC, be enjoined from transferring the Domain Name to Fitness Anywhere and the Trustee has no objection to an order releasing the Domain Name from any form of locking or disabling based on Fitness Anywhere's claims in the UDRP Proceeding.

10. Each party shall bear its own costs and attorney's fees.

11. Upon entry of this Judgment, the claims asserted in the Complaint against Fitness Anywhere are released and dismissed with prejudice, and Ming shall not be entitled to any other relief of any nature whatsoever related to the claims asserted in the Complaint, including but not limited to compensatory, statutory, punitive damages or attorney's fees, other than as set forth herein.

12. This Consent Judgment represents a final adjudication of all claims, counterclaims, and defenses that were, or could have been, brought between Plaintiff and Defendant in this case. This Consent Judgment is intended to be final and shall bind Plaintiff and Trustee, Estate, and Defendant on all issues that were or could have been litigated in this proceeding and that no appeal shall be taken here from.

13. This Court shall retain jurisdiction over the parties for the purpose of enforcing the terms of this Consent Judgment.

14. The Agreement is entered into by Richard Marshack solely in his capacity as bankruptcy trustee of Fitness Anywhere and there shall be no recourse, requirements or obligations of Richard Marshack in his personal capacity whatsoever.

15. Since pursuant to the Sale Order, the estate of Fitness Anywhere does not assert an interest in the Domain Name, Fitness Anywhere shall have no further obligations or requirements in connection with the Domain Name.

16. The Consent Judgment shall remain in full force and effect unless and until modified by order of this Court.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this matter. Dated this 11th day of June, 2025.

Honorable Steven P. Logan
United States District Judge